**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MARILYN M. NORWOOD                                                                              PLAINTIFF

v.                                CASE NO. 4:11CV00196 JLH

LITTLE ROCK POLICE DEPARTMENT                                  DEFENDANT

**ORDER**

      Marilyn M. Norwood filed a complaint on March 1, 2011, against the Little Rock Police Department. By Order dated March 8, 2011, the plaintiff was directed to file an amended complaint in which she was to "clearly state the basis for federal jurisdiction, the names of the defendant or defendants, a short and concise statement of the facts, including names, dates, places, and the specific acts of which she complains, and the relief she seeks." See Docket Entry #5. On March 28, 2011, an Amended Complaint was filed. Docket Entry #11-1.

      The original complaint alleges the Little Rock Police Department (LRPD) has violated the plaintiff's rights under the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1964. The plaintiff alleged illegal surveillance by the LRPD since early fall of 2000. She claims LRPD followed her vehicle to an intersection in Little Rock, where plaintiff then "made an immediate right . . . and headed for home." Complaint, page 1. She also state that LRPD stopped her in 2001 for bright lights on her vehicle. She states she "was unaware that the headlights were too bright." She further states that she "felt compelled to contact the LRPD frequently" after moving in 2005. Finally, she "believes many of the problems she has now in her neighborhood are due to racial discrimination by the LRPD" and "she believes that the LRPD is taking advantage of her as a disabled person and as an educated African-American female." Complaint, page 1. Attached to the Complaint are the following documents:

* October 25, 2010 letter from the Little Rock City Attorney's office to the plaintiff asking her to "cease contacting the [LRPD] when there is no real need for service nor emergency."

* January 28, 2011, e-mail from the plaintiff to the Little Rock City Attorney informing that plaintiff is seeking a Restraining Order, apparently from plaintiff's family. She notes she has faced verbal abuse from her family since December 2009, and was threatened by her youngest brother with a carving knife around Christmas of that year.

* February 15, 2011, e-mail from plaintiff to the Little Rock City Attorney complaining that a black female operator threatened the plaintiff ("called my name in a threatening way") and that a white LRPD male officer threatened to gun her down during the winter of 2009-2010.

* February 15, 2011, e-mail from plaintiff to the Little Rock City Attorney stating that some of the LRPD may be harassing her "because my pastor happens to be White American."

* February 26, 2011, e-mail from plaintiff to the Little Rock City Attorney informing that the plaintiff, her mother, and the LRPD had a three-way conference call as the plaintiff wanted LRPD "to assure my Mother there is no male presence in my home and has not been since I moved here on February 3, 2010."

* February 26, 2011, e-mail from plaintiff to the Little Rock City Attorney stating that plaintiff had informed LRPD that a maintenance worker for a real estate company had made sexual advances toward her.

* February 27, 2011, e-mail from plaintiff to the Little Rock City Attorney stating that plaintiff has been "very tied up" with a lawsuit at the United States Court of Appeals for the Eighth Circuit.

In the Amended Complaint, the plaintiff "alleges illegal surveillance and racial profiling by the Defendant in spite of the fact Defendant knew Plaintiff has a serious cardiac (heart) condition as well as poor MRI testing in 2009." Docket Entry #11-1, page 1. She continues with the following allegations:

> Specifically, Defendant has illegally trailed Plaintiff home from evening classes at UALR in the Fall 2000. Defendant also used racial profiling to stop Plaintiff in 2001 in her vehicle, a 1999 Chevrolet Malibu. In 2005-2008, Plaintiff talked with LRPD regarding crime in Kanis Pointe Apartments, Little Rock, Arkansas. In 2009, Plaintiff talked with LRPD Badge No. 897 at her home in Kanis Pointe Apartments. She also talked with LRPD officers and personnel including" Frost (White American male); McCain (White American male); Townsend (African-American female); Beasley (African-American female); Rishwaun (spelling?) (White American female); Peirce (White American female); Dudley (African-American female); Mueller (White American male); Newton (African-American female). When Plaintiff moved from Kanis Pointe Apartments to 21 North Fillmore Street, Apt 8, Little Rock, Arkansas in February 2010, the LRPD insisted (illegally and due to racial profiling) where Plaintiff was living then.
>
> On February 25, 2010, Plaintiff was accosted at 6th and Main Streets, Downtown Little Rock, Arkansas by a White American male LRPD officer. Plaintiff was at the bus stop waiting on the West Markham Street city bus. She had just left Slicks at 5th and Main, Little Rock, Arkansas. The LRPD officer straddled his feet, looked at Plaintiff and reached for his gun on his right hip. Plaintiff immediately turned her back to the Police officer and stood still and quiet. When she looked around again, the LRPD officer turned and started running North on Main Street toward the river. Why did the Defendant run if he did not intend to gun down Plaintiff?
>
> Also, Plaintiff was accosted by a left-handed African-American LRPD officer in Kroger at 8415 West Markham Street, Little Rock, Arkansas, but cannot recall the exact day and year. However, it was prior to the remodeling of Kroger on West Markham because the LRPD officer accosted Plaintiff at the old entrance to the store. He threatened to take his gun out of the holster. An African-American male clerk from Kroger's witnessed this interaction. Townsend, an African-American female emergency operator told Plaintiff in 2010 that she needed to do her shopping at another Kroger store.

Acknowledging that *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), the Court, nevertheless, is satisfied that this complaint and amended complaint

should be dismissed. It lacks an arguable basis in either law or fact, *see Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 57 L.W. 4493 (1989), and is so lacking in colorable merit that it must be considered frivolous. *See Haugen v. Sutherlin*, 804 F.2d 490 (8th Cir. 1986); *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982). There are several shortcomings which are fatal to this complaint and the amended complaint.

First and foremost, both the complaint and amended complaint focus on the conclusions and beliefs of the plaintiff without supporting facts. For example, the original complaint alleges illegal surveillance by the LRPD but offers no facts to support this conclusion. The two instances described by the plaintiff, allegedly occurring in 2000 and 2001, do not amount to allegations of illegal surveillance. The amended complaint adds some details, such as names of officers with whom the plaintiff has conversed. The amended complaint does not contain the names of the officers who allegedly accosted her on two occasions. The amended complaint also does not contain the date on which the second incident allegedly occurred. As the Court noted in an earlier Order, Federal Rule of Civil Procedure 8(a) requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

*Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted). The complaint and amended complaint fail to satisfy the basic requirement of adequate factual allegations.

Second, the acts complained of in both the complaint and the amended complaint are largely outside the three year limitations period which applies to civil rights actions in Arkansas, *see, e.g., Weston v. Bachman*, 682 F.2d 202 (8th Cir. 1982). Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992).

Third, the original complaint is against the LRPD, not against individual officers of the LRPD. Typically, the LRPD is not subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the city government and not separate juridical entities suable as such); *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpublished per curiam) (sheriff's department not a suable entity). To the extent that the plaintiff is attempting to sue the City of Little Rock, not the LRPD, Plaintiff can establish municipal liability by proving a policy, practice, or custom, attributable to the municipality, and showing that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). The complaint and amended complaint fall short of pleading such a policy, practice or custom. Instead, the plaintiff

offers her beliefs and assorted facts, most of which do not relate to showing that she is entitled to relief.

For the foregoing reasons, the complaint and amended complaint are dismissed.

IT IS SO ORDERED this 12th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE